# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZAHRA MOTESHARREI,<br><br>                 Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>                 Defendant. | Case No. SACV 11-00580-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF COMMISSIONER |

## PROCEEDINGS

On April 20, 2011, Zahra Motesharrei ("Plaintiff or Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability and Disability Insurance benefits. The Commissioner filed an Answer on July 26, 2011. On November 1, 2011, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be affirmed and this action dismissed with prejudice.

## BACKGROUND

Plaintiff is a 50 year old female who applied for Social Security Disability and Disability Insurance benefits on July 19, 2008, alleging disability beginning July 17, 2006. (AR 11.) Plaintiff has not engaged in substantial gainful activity since that date. (AR 11.)

Plaintiff's claim was denied initially on October 28, 2008, and on reconsideration on November 28, 2008. (AR 11.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Kevin M. McCormick on April 28, 2010, in Orange, California. (AR 22-46.) Claimant appeared and testified at the hearing and was represented by counsel. (AR 11.) Medical expert Dr. Alanson A. Mason and vocational expert ("VE") Alan Boroskin also appeared and testified at the hearing. (AR 11.)

The ALJ issued an unfavorable decision on June 19, 2010. (AR 11-18.) The Appeals Council denied review on March 3, 2011. (AR 1-4.)

## DISPUTED ISSUE

As reflected in the Joint Stipulation, the only disputed issue that Plaintiff is raising as a ground for reversal and remand is as follows: Whether the ALJ erred in failing to consider properly Plaintiff's testimony.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity

("RFC").[1] 20 C.F.R. § 416.920(e). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p. If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since July 17, 2006, the alleged onset date. (AR 13.) At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: bilateral plantar fasciitis, history of breast cancer and left total mastectomy, and obesity. (AR 13.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 15.)

---

[1] Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

The ALJ then found that the Plaintiff had the RFC to perform medium work, with the following limitations:

> . . . [N]o lifting or carrying greater than 50 pounds. Occasionally, [sic] and greater than 25 pounds, frequently, the ability to stand, sit and walk 6 hours total per 8-hour workday, and no overhead lifting.

(AR 15.) In determining this RFC, the ALJ made an adverse credibility determination to the extent Plaintiff's symptoms are inconsistent with the above RFC. (AR 17.)

At step four, the ALJ found that Plaintiff is capable of performing past relevant work as a pharmacy technician and food service worker as actually and generally performed. (AR 18.)

Consequently, the ALJ concluded that Claimant is not disabled within the meaning of the Social Security Act. (AR 18.)

## DISCUSSION

The ALJ decision must be affirmed. The ALJ's adverse credibility decision is based on clear and convincing reasons supported by substantial evidence. The ALJ's RFC is supported by substantial evidence. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

**I.    THE ALJ PROPERLY CONSIDERED PLAINTIFF'S RFC**

The ALJ assessed Claimant with an RFC for medium work with limitations. Plaintiff challenges the ALJ's RFC because she claims that the ALJ improperly discounted her subjective symptoms. The Court disagrees.

An RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 466 F.3d at 883.

## A. Relevant Federal law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 & n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because it is unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's symptom testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. These findings must be "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit [the] claimant's testimony." Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002); see also Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

## B. Analysis

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause her alleged symptoms. (AR 17.) The ALJ, however, found that Plaintiff's statements regarding the intensity, persistence and limiting effects of these symptoms were "not credible to the extent they are inconsistent with the above residual functional capacity assessment." (AR 17.) Because the ALJ did not make a finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence of discount Plaintiff's credibility. Smolen, 80 F.3d at 1283-84. The ALJ did so.

The ALJ provided six reasons for discounting Plaintiff's credibility: (1) lack of objective medical evidence, (2) conservative treatment, (3) inconsistencies in testimony, (4) no medical

1 impairment of the back, (5) Plaintiff failed to submit her medical records, and (6) failure to
2 follow medical advice.  Each of these reasons are supported by substantial evidence.

3 　　　　　Plaintiff only challenges three of these reasons on the basis of the evidence.  The
4 remaining undisputed reasons are sufficient by themselves to affirm the ALJ's adverse
5 credibility determination.  Carmickle v. Comm'r, Soc. Sec. Adm., 533 F.3d 1155, 1162-63 (9th
6 Cir. 2008).  Even if the three disputed reasons could be said to be erroneous, the errors would
7 be harmless because they are inconsequential to the ultimate non-disability determination.
8 Stout v. Comm'r Soc. Sec. Adm., 454 F.3d 1050, 1055 (9th Cir. 2006).

9 　　　　　Additionally, Plaintiff attacks a number of the ALJ's reasons for discounting Plaintiff's
10 credibility because the evidence on which the ALJ relied is not contained within the ALJ's
11 specific discussion of Plaintiff's credibility at AR 17.  This argument, however, is not well taken.
12 There is no requirement that the ALJ's rationale must be in a particular place in the ALJ
13 decision.  In Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990), the Ninth Circuit held that an
14 ALJ is required to discuss and evaluate the evidence that supports his or her conclusions, but
15 Marcia "does not specify that the ALJ must do so under the heading 'Findings.'"  Lewis v.
16 Apfel, 236 F.3d 503, 513 (9th Cir. 2001); see also Kruchek v. Barnhart, 125 Fed. Appx. 825,
17 827 (9th Cir. 2005) (ALJ adequately analyzed evidence elsewhere in decision); Harris v.
18 Astrue, 2009 WL 801347, at *7 (N.D. Cal. Mar. 25, 2009) (discussion and evaluation of
19 evidence at step four supported ALJ's step three conclusion that impairments did not equal
20 Listing 1.04; "Lewis does not require that support for the ALJ's conclusions be placed in a
21 specific conclusion of the report").

22 　　　　　The ALJ's first reason for discounting Plaintiff's credibility is that Plaintiff's subjective
23 symptoms were not supported by the objective medical evidence.  The ALJ found that other
24 than some limitations due to bilateral hindfoot pain, "there are minimal significant objective
25 clinical findings in support of her allegations."  (AR 16.)  An ALJ is entitled to consider whether
26 there is a lack of medical evidence to corroborate a claimant's alleged pain symptoms so long
27 as it is not the only reason for discounting a claimant's credibility.  Burch v. Barnhart, 400 F.3d
28

676, 680-81 (9th Cir. 2005). The ALJ thoroughly discussed the medical evidence of record. (AR 13-15, 16-18.) The ALJ gave significant weight to the report of orthopedic consulting examiner Dr. J. Pierce Conaty who provided the RFC adopted by the ALJ. (AR 13-14, 15, 16, 603-07.) Dr. Conaty found normal range of motion of spine and upper extremities, and normal muscle strength with no evidence of scoliosis. (AR 603-05.) He noted Claimant's primary complaint was heel pain. (AR 15.) He found "bilateral hindfoot pain, with little in the way of any significant objective clinical findings and radiographic findings of a small calcaneal spur." (AR 606.) Dr. Conaty's RFC assessment was confirmed by State agency physician Dr. Limos. (AR 14, 16, 608-12.) There was no medical information to justify a disabling back condition. (AR 15.) There was no showing of significant work limitations due to a lumbar impairment. (AR 15.) Claimant denies any breast pain or lump and reports that she has been told that everything is normal. (AR 14.) Treating physician Dr. Lee reported normal findings and lab results in 2009 and 2010, with no complaints or symptoms. (AR 14, 16, 17.) The medical expert testified at the hearing that there were no objective muscular findings. There was some medical evidence that would support a more restrictive RFC (AR 14-15) but the ALJ rejected the limitations opined by Dr. Rabinovich and Dr. Mason for specific legitimate reasons. (AR 16.) The ALJ is responsible for resolving conflicts in the medical evidence. <u>Magallanes v. Bowen</u>, 881 F.2d 747, 750 (9th Cir. 1989). Additionally, the ALJ notes that, even if the limitations to sedentary work opined by Dr. Rabinovich and Dr. Mason were adopted, the VE testified there would be work Plaintiff could perform. (AR 16-17, 43.) Plaintiff does not challenge the ALJ's summary of any of this medical evidence except to state that it cannot be the sole basis for discounting Plaintiff's credibility (which it is not) and to observe that the ALJ's extensive analysis of the medical evidence does not appear in the paragraph on AR 17 that addresses Plaintiff's credibility (which is unnecessary). These arguments already have been addressed. The ALJ's first reason for discounting Plaintiff's credibility is supported by substantial evidence.

The ALJ's next reason for discounting Plaintiff's symptoms is conservative treatment, which is a valid basis for discounting a plaintiff's credibility. Parra, 481 F.3d at 750-51. The ALJ stated:

> Overall, medical records show that treating physicians responded with limited and conservative treatment. Such treatment is inconsistent with the medical response that would be expected if the physicians found the symptoms and limitations to be as severe as reported by the claimant.

(AR 16.) The ALJ also found the Claimant's credibility diminished because her treating psychiatrist recommended she take no greater than over-the-counter medications for foot pain. (AR 17.) The ALJ further found that there are minimal records of medical treatment in the year before the decision (AR 17), and particularly noted that treating physician Dr. Lee reported normal findings on a routine health exam in July 2009 with no complaints or symptoms. (AR 16, 17.)

Plaintiff's argument that the ALJ's reference to conservative care does not appear in the paragraph on credibility (AR 17) already has been rejected. It also is inaccurate, as the specific evidence supporting the ALJ's conservative treatment rationale is found in that paragraph. Plaintiff also challenges the ALJ's reliance on minimal treatment records to prove conservative care because she contends the ALJ had a duty to develop the record, Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001), and should have obtained those records. The ALJ's duty to develop the record, however, is not triggered unless the evidence is ambiguous or the ALJ has made a finding that the record is inadequate. Id. Here, the ALJ did not indicate that the record was inadequate nor was it inadequate. In any event, there was substantial evidence other than minimal treatment records to support the ALJ's conservative treatment rationale.

The ALJ's third reason for discounting Plaintiff's credibility is that her subjective complaints contradicted her reports to her doctors. (AR 16, 17.) In weighing a claimant's credibility, an ALJ may consider "inconsistencies either in his testimony or between his

testimony and conduct." Thomas, 278 F.3d at 958-59. Here, despite allegations of disabling pain in this proceeding, Plaintiff reported no complaints or symptoms to treating physician Dr. Lee. (AR 17.) Plaintiff's only argument that the ALJ's rationale did not appear in the paragraph on credibility has been rejected. It also is untrue because the rationale does appear in that paragraph. (AR 17.) The ALJ's inconsistent statements rationale is supported by substantial evidence.

The ALJ's fourth basis for discounting Plaintiff's credibility is that Plaintiff's complaints of back pain were not supported by any medical evidence such that the ALJ made a finding that she had no medically determinable severe impairment. (AR 15.) Plaintiff did not object to this finding by the ALJ. Plaintiff's only response is that the ALJ did not find malingering, which Plaintiff claims the Commissioner implies. Apart from any issue of malingering, however, Plaintiff's back pain is not supported by the medical evidence. The ALJ's rationale is not a separate rationale but evidence in support of the first reason given by the ALJ, i.e., lack of objective medical evidence.

The ALJ's fifth reason for discounting Plaintiff's credibility is her failure to submit all her medical records. (AR 17.) Specifically, Plaintiff did not submit medical records from her podiatrist or in regard to her physical therapy. (AR 17.) Plaintiff argues that the ALJ erred by failing to obtain those records, but again the record was not ambiguous or inadequate for the ALJ to determine the severity of Plaintiff's medical impairments. Tonapetyan, 242 F.3d 1150. Plaintiff bears the burden to prove disability and cannot shift that burden to the ALJ. The ALJ's fifth rationale is supported by substantial evidence.

The ALJ's last reason for rejecting Plaintiff's credibility is that Plaintiff failed to follow medical advice because she wore the boot for her plantar fasciitis only one time. (AR 17.) An unexplained failure to seek treatment or follow a prescribed course of treatment is a valid basis for discounting credibility. Bunnell, 947 F.2d at 346. Plaintiff claims there is no proof that she was required to wear it more than once, but she does not state that the ALJ's conclusion was

incorrect. The ALJ's interpretation of the evidence was reasonable and should not be second-guessed. <u>Rollins</u>, 261 F.3d at 857.

**ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is AFFIRMED and this case is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: <u>January 19, 2012</u>              */s/ John E. McDermott*
                                             JOHN E. MCDERMOTT
                                             UNITED STATES MAGISTRATE JUDGE